**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MOHAMMED SAYEED MAHMOOD,**

                                        **Plaintiff,**

          **vs.**                                                        **1:20-CV-409**
                                                                         **(MAD/DJS)**

**UNITED STATES OF AMERICA,**

                                        **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**MOHAMMED SAYEED MAHMOOD**
9-4-86/89, Flat #201
Khan Tower
Saharjung Colony
Hyderabad, Telangana 500 008
Plaintiff _pro se_

**OFFICE OF THE UNITED**                   **EMER STACK, AUSA**
**STATES ATTORNEY**
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261
Attorneys for the Government

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

        Plaintiff, proceeding _pro se_, commenced this action against Defendant, the United States

of America, on or about February 8, 2020, by filing a complaint in Albany County Supreme

Court. _See_ Dkt. No. 2.  On February 7, 2020, Defendant removed the action to this Court. _See_

Dkt. No. 1.

Currently before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction and Plaintiff's motion seeking permission to participate in electronic filing. *See* Dkt. Nos. 8 & 11.

## II. BACKGROUND

Plaintiff, a native and current resident of India, was a legal resident in the United States between February 2002 and December 2010. *See* Dkt. No. 2 at ¶ 1. Plaintiff alleges that, during that time, Defendant's agents "physically stalked and monitored" him, "harassed and mentally tortured him" by delaying and denying his "immigration documents," and subjected him to additional questioning and luggage checking at Indian and American airports. *See id.* at ¶¶ 3-5. As a result of the alleged "constant action of organized harassment and instilling fear," Plaintiff became "disabled and unable to work." *Id.* at ¶ 5. As such, in December 2010, Plaintiff "decided to quit" his job "to return to India." *Id.*

Plaintiff further alleges that, since returning to India, Defendant's agents have worked with Indian authorities to organize "physical stalking, phone tapping/calls and messages against Plaintiff." *Id.* at ¶ 6. Plaintiff claims that the United States government has engaged in "'Electronic Surveillance' and 'Mind Control" techniques and technologies that lets Defendant ... control and harm the targeted person (*i.e.* Plaintiff) remotely." *Id.* The complaint alleges that Defendant is "controlling the Plaintiff's mind/body, forcing strange mental & physical sickness or health conditions, including harming or torturing the Plaintiff by targeting nonstop barbaric act of Electronic Surveillance and Mind Control techniques or technologies." *Id.* at ¶ 7. As a result of such "mind control," surveillance, and "cyber stalking activities," Defendant's agents allegedly forced Plaintiff to execute fraudulent money transfers, commit benefit fraud, file fraudulent tax returns, and take out student loans. *See id.* at ¶¶ 8-9.

2

Based on these allegations, Plaintiff asserts seven claims against Defendant: (1) "personal injury;" (2) "employment loss;" (3) "immigration status loss;" (4) "wage loss;" (5) "general damages;" (6) "defamation;" and (7) "permanently disabled."  As Defendant notes in its motion to dismiss, the facts and claims set forth in the instant complaint are nearly identical to those brought by Plaintiff in *Mahmood v. United States*, No. 1:20-cv-207 (N.D.N.Y.) ("*Mahmood I*").  Plaintiff's complaint in *Mahmood I* was dismissed by this Court on April 9, 2020, based on the doctrine of sovereign immunity and for lack of subject matter jurisdiction.  *See Mahmood I*, Dkt. No. 8.

For the reasons set forth below, the Court grants Defendant's motion to dismiss.

### III. DISCUSSION

**A.    Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief.  *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted).  In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).  This presumption of truth, however, does not extend to legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading.  *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

When a party moves to dismiss a claim pursuant to Rule 12(b)(1), "the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993) (citations omitted). For purposes of such a motion, "the allegations in the complaint are not controlling . . . and only uncontroverted factual allegations are accepted as true. . . ." *Id.* (internal citations omitted). Both the movant and the pleader are permitted to use affidavits and other pleading materials to support and oppose the motion to dismiss for lack of subject matter jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted). "Furthermore, 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Gunst v. Seaga*, No. 05 Civ. 2626, 2007 WL 1032265, *2 (S.D.N.Y.

Mar. 30, 2007) (quoting *Shipping Financial Services Corp. v. Drakos*, 140 F.3d 129, 131 (2d

Cir. 1998)); *see also State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4

(2d Cir. 2007) (holding that, in a motion to dismiss for lack of subject matter jurisdiction, a court

"may resolve disputed factual issues by reference to evidence outside the pleadings, including

affidavits").

Courts must afford *pro se* plaintiffs "special solicitude" before granting motions to dismiss

or motions for summary judgment. *See Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994). "A

document filed *pro se* is 'to be liberally construed,' ... and 'a *pro se* complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.

Ct. 285, 50 L. Ed. 2d 251 (1976)). "This policy of liberally construing *pro se* submissions is

driven by the understanding that implicit in the right of self-representation is an obligation on the

part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent

forfeiture of important rights because of their lack of legal training." *Triestman v. Fed. Bureau of

Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotations and modifications omitted).

Therefore, courts read *pro se* filings "to raise the strongest arguments that they suggest." *Id.* at

474.

**B.      Sovereign Immunity/Subject Matter Jurisdiction**

In its motion to dismiss, Defendant contends that the complaint must be dismissed because

the United States is immune from suit, subject to exceptions not applicable in the present matter.

*See* Dkt. No. 8-1 at 9-13.  Specifically, Defendant argues that regardless of whether Plaintiff's

complaint is construed as asserting constitutional violations against the United States or tort

claims cognizable under the Federal Tort Claims Act ("FTCA"), the Court lacks subject matter jurisdiction.  *See id.*

"'The United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *McGowan v. United States*, 825 F.3d 118, 125 (2d Cir. 2016) (quoting *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012)) (other quotation omitted); *see also United States v. Mitchell*, 445 U.S. 535, 538 (1980).  Subject to certain exceptions, "the FTCA waives the sovereign immunity of the United States against claims for property damage or personal injury 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *McGowan*, 825 F.3d at 125 (quotation and other citations omitted).

### 1. Constitutional Torts Against the United States

To the extent that Plaintiff's claims can be liberally construed as constitutional torts against the United States, the Court lacks jurisdiction over the claims.  The United States has not consented to be sued based on claims that its employees or officials have committed constitutional violations.  *See Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994) (holding that "the United States has not waived its sovereign immunity with respect to claims that its employees have committed constitutional torts").  Since the United States has not waived its sovereign immunity by consenting to be sued, the Court lacks jurisdiction over any allegations by Plaintiff that the United States committed constitutional torts against him.

Accordingly, the Court grants Defendant's motion to dismiss as to these claims.

### 2. Tort Claims Arising Under the FTCA

The FTCA waives sovereign immunity and permits some suits for damages against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).  But before bringing a Federal Tort Claims Act claim, a claimant must first exhaust his administrative remedies by presenting a claim with the appropriate federal agency.  *See* 28 U.S.C. § 2675(a); *see also Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

"The burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements.  In the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim." *Davis v. Goldstein*, 563 Fed. Appx. 800, 802 (2d Cir. 2014) (internal citations and quotation marks omitted).  Accordingly, even if a *pro se* "plaintiff's complaint can be liberally construed to state a claim under the FTCA ... the court does not have subject matter jurisdiction over" the FTCA claim if "plaintiff has neither pleaded that he filed an administrative claim within two years of the incident giving rise to the action, nor that he exhausted an administrative tort claim prior to initiating the instant action." *Diaz v. MDC Detention Center*, No. 17-cv-3768, 2018 WL 472810, *2 (E.D.N.Y. Jan. 17, 2018) (citations omitted).

To the extent that Plaintiff's claims sound in tort, they too are subject to dismissal.  As with Plaintiff's claims in *Mahmood I*, Plaintiff's claims do not fall within the waiver of sovereign immunity set forth in the FTCA because there is no indication that he exhausted his administrative remedies.  Here, Plaintiff's complaint neither mentions the FTCA, nor alleges compliance with it.

In light of Plaintiff's failure to allege any facts demonstrating compliance with the FTCA's administrative exhaustion requirement, dismissal is warranted.  *See Davis*, 563 Fed. Appx. at 802; *see also Pope v. Geo Grp.*, No. 18-cv-6900, 2019 WL 79426, *3 (E.D.N.Y. Jan. 2, 2019) (dismissing purported FTCA claims "because the complaint fails to allege any facts showing that plaintiff has exhausted his administrative remedies").

Accordingly, to the extent that Plaintiff has attempted to bring claims under the FTCA, the Court grants Defendant's motion to dismiss those claims.[1]

## C.  Failure to State a Claim

Even assuming that the Court had jurisdiction over this action, dismissal is still appropriate because Plaintiff's claims are frivolous.  Where, as here, the claims are "'fanciful,' 'fantastic' or 'delusional,'" the Court may dismiss them for failure to state a claim.  *See Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992)) (other citation omitted).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

---

[1] The fact that this matter was originally filed in state court and removed to federal court by the United States does not change this result.  "The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction.  If the state court lacks jurisdiction of the subject-matter or the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922).  That result is the same even if the reason that the state court lacked jurisdiction was because the complaint was within the exclusive jurisdiction of the federal courts.  *See Nordlicht v. New York Tel. Co.*, 799 F.2d 859, 863 (2d Cir. 1986), *abrogated in part on other grounds by Metro Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).  Courts in the Second Circuit routinely apply this doctrine when a case is removed to federal court pursuant to 28 U.S.C. § 1442(a)(1), as is the case here.  *See Lombardi v. United States*, No. 15-cv-1047, 2016 WL 1604492, *3 (W.D.N.Y. Apr. 22, 2016) (holding that the court lacked jurisdiction over an FTCA claim removed from state court pursuant to Section 1442(a)(1) because the state court lacked jurisdiction over such claims and the district court acquired none upon removal) (citation omitted); *Stark v. Tryon*, 171 F. Supp. 3d 35, 38 n.2 (D. Conn. 2016) (holding that because the state court had no jurisdiction over the FTCA claims at the time of removal, the district court acquired no jurisdiction over those claims when they were removed) (citation omitted).

incredible, whether or not there are judicially noticeable facts available to contradict them."

*Denton*, 504 U.S. at 33.

As Defendant correctly notes, Plaintiff's complaint consists of a series of bizarre allegations relating to various harms that have befallen him as a result of the government of the United States using "electronic surveillance and "mind control techniques" against him. Such allegations are unquestionably frivolous and subject to dismissal. *See Hines v. United States*, No. 6:19-cv-6837, 2020 WL 570605, *2 (W.D.N.Y. Feb. 5, 2020) (holding that the court is not required to entertain claims that are "'essentially fictitious,'" including "'bizarre conspiracy theories, any fantastic government manipulations of [the plaintiff's] will or mind [or] any sort of supernatural intervention'") (quoting *Neitzke v. William*, 490 U.S. 319, 330 (1989)).

Accordingly, the Court finds that Plaintiff's complaint is subject to dismissal on this alternative ground.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth herein, the Court hereby

**ORDERS** that Defendant's motion to dismiss (Dkt. No. 8) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion requesting permission to participate in electronic filing (Dkt. No. 11) is **DENIED as moot**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 13, 2020
      Albany, New York

Mae A. D'Agostino
U.S. District Judge